# FRANCIS A. PETERS *et al. v.* THE LINCOLN AND NORTHWESTERN RAILROAD CO. *et al.*

*(U. S. Circuit Court, District of Nebraska—On Demurrer to Amended Bill—October, 1882.)*

1. RAILROAD CORPORATION—POWER TO LEASE—STATUTE CONSTRUED. Under the statute of Nebraska, the lease of a line of railway, or arrangement to lease, executed by one railroad corporation to another, to be valid must be assented to by a vote of at least two-thirds of the stockholders of each corporation, in stockholders' meeting assembled.

2. SAME—AGREEMENT TO LEASE MADE IN ADVANCE OF CONSTRUCTION TO SECURE STOCK SUBSCRIPTIONS. No agreement to execute such a lease, made in advance of the construction of a railroad, can be specifically enforced unless it is subsequently ratified by a vote of the stockholders, as provided by the statute.

3. CORPORATIONS—RIGHTS OF STOCKHOLDERS. Persons subscribing to the stock of a corporation must take notice of the law creating it and defining its powers, and if the directors, in order to secure stock subscriptions, propose to do that which they are prohibited from doing by the statute, no subscriber can be heard to insist that the same shall be done contrary to such statute.

McCRARY, Circuit Judge.

Upon consideration of the demurrer to the original bill in this case it was held that under the statute of Nebraska, the lease of a line of railroad, or an agreement to lease, executed by one railroad corporation to another, to be valid, must be assented to by a vote of at least two-thirds of the stockholders of each corporation, and that such assent must be expressed in

a stockholders' meeting.   It was, therefore, held that the agreement to execute such a lease, made without a meeting of stockholders, and without the assent of the requisite number of stockholders in meeting assembled, was invalid and could not be enforced.   (5 McCrary, 275.)   Since this ruling an amended bill has been filed in which it is alleged, in substance, as follows:

*First*—That on the 24th day of June, 1879, the Atchison & Nebraska Railroad Company, in order to promote its own interest by securing the construction of the line of the Lincoln & Northwestern Railroad, issued a circular inviting persons to subscribe to the stock of the latter company, and stating that it was proposed that the company first named should lease the new road (meaning the road to be built by the last named company) for a term of thirty years, and pay as an annual rental therefor thirty-five per cent. of the gross earnings of the said new road, which, it was estimated, would provide for the payment of interest on the new bonds.

*Second*—That the members of said board of directors of the first named company were stockholders therein, and held in the aggregate more than two-thirds of the capital stock thereof, and that most if not all the other stockholders assented to the sending out of such circulars and proposal.

*Third*—It is further alleged, upon information and belief, that said members and stockholders did not intend to comply with said proposal if the same should be accepted; but, on the contrary, intended, after the same should be accepted and the proposed stock should be taken and the money therefor should be paid to said Lincoln & Northwestern Railroad Company, to hinder and prevent the making and execution of said lease and to oppose and vote against the same as stockholders in case a stockholders' meeting should be called.

*Fourth*—The complainants subscribed for various shares of the stock of the last named company, and paid for same in full upon the faith of the proposal embodied in the aforesaid circular, and relying upon the same.

The prayer is that the Lincoln & Northwestern Railroad Company may be decreed to execute a lease of its road to said Atchison & Nebraska Railroad Company according to the

terms and conditions of said proposal, etc., and that said last named company may be decreed to receive said lease and to perform and execute the same, and for an injunction to restrain the execution of a lease to the Burlington & Missouri River Railroad Company in Nebraska.

It is apparent that this relief can only be granted upon the theory that there has been a valid agreement to lease, which agreement can be enforced by decree for specific performance.

The facts alleged do not show the existence of such an agreement; they do not show a compliance with the statute which plainly requires, as a condition precedent to the execution of such a lease, that the directors of each of the corporations shall call a meeting of the stockholders of each, at which meeting the holders of at least two-thirds of the stock represented at such meeting, in person or by proxy, and voting thereat, shall assent thereto.

The amended bill avers certain facts, tending to show the assent (outside of any meeting of the stockholders) of two-thirds of the stockholders of one company. This would not be sufficient even if the allegations applied to both companies, much less is it sufficient where they apply to one only.

Persons subscribing to the capital stock of a corporation are bound to take notice of the law creating it and defining its powers, and if the directors, in order to secure subscriptions to such stock, propose to do that which they are prohibited from doing by the terms of the statute defining their powers, no subscriber can be heard to say, as against the corporation, that he has been misled and deceived thereby. All that subscribers to the capital stock in this case had a right to assume was, that the lease would be executed in accordance with law, provided a meeting of the stockholders should be held and the same should be assented to by the holders of two-thirds of the stock of both corporations concerned.

Every subscriber to the stock of the Lincoln & Northwestern Railroad Company was bound to know that no valid lease could be executed, except in compliance with the statute above referred to.

The allegation that the directors of the Atchison & Nebraska Railroad Company acted in bad faith and did not intend to

vote for a lease in case a stockholders' meeting should be called, is not sufficient to authorize the execution and enforcement of such a lease contrary to the statute and without the assent of the stockholders as required thereby.

The demurrer to the amended bill is sustained.

*E. Wakeley,* for complainant.
*T. M. Marquett,* for defendants.